UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

FRANCK DUJARDIN, )
 )
        Plaintiff, )
 )
    v. )
 )  Civil Action
INTERNATIONAL BANK FOR )  No. 99-3398 (JLG)
RECONSTRUCTION AND DEVELOPMENT, )
 )
    and )
 )
INTERNATIONAL DEVELOPMENT )
AGENCY, )
 )
        Defendants. )

**FILED**

JUL 2 7 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

ORDER

Upon consideration of Defendants' Motion to Dismiss, the Plaintiff's Opposition, and the Reply thereto, and for the reasons stated in the accompanying memorandum of law, it is by the Court this 26th day of July 2000,

**ORDERED** that the Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED**, and this case is dismissed with prejudice; and it is further

**ORDERED** that the Clerk shall mail copies of this Order to:

Pierre Chone', Esq.  
P.O. Box 15430  
Washington, D.C. 20003

Thomas C. Green, Esq.  
Mark D. Hopson, Esq.  
Luisa Caro, Esq.  
1722 Eye Street, N.W.  
Washington, D.C. 20006

_____  
JUNE L. GREEN  
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRANCK DUJARDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action |
| INTERNATIONAL BANK FOR | ) | No. 99-3398 (JLG) |
| RECONSTRUCTION AND DEVELOPMENT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INTERNATIONAL DEVELOPMENT | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

FILED

JUL 2 7 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM

Before the Court are Defendants, International Bank for Reconstruction and Development ("World Bank") and the International Development Association's ("IDA") Motion to Dismiss, Plaintiff's Opposition and the Reply thereto. For the reasons that follow, the Court grants the Defendants' Motion.

### I. BACKGROUND

This is an action alleging defamation. Plaintiff, a citizen of France, was hired by a public Zairian company, Office National des Transports ("ONATRA"), in April of 1978 as a computer engineer. (Compl., ¶ 3.) For several years the government of Zaire, through ONATRA, borrowed money from the Defendants to modernize its



economy. (Compl., ¶ 2.) The Plaintiff's contract of employment with ONATRA included the provision that his salary and other benefits would be paid primarily with money borrowed from the Defendants. (Compl., ¶ 3.)

On October 28, 1992, ONATRA requested the Defendants' approval to pay the Plaintiff's anticipated severance pay with money obtained through loans with the Defendants. (Compl., ¶ 4.) The World Bank approved ONATRA's request on November 18, 1992. (Compl., ¶ 5.) The Plaintiff, however, never received payment either from ONATRA or the Defendants toward his severance. (Compl., ¶ 9.) The Plaintiff subsequently moved from Zaire and brought suit in France, where his case was dismissed because the Plaintiff was found to be an employee of ONARTA and not the Defendants. (Compl., ¶ 12.) After his case was dismissed in France, the Plaintiff continued to pursue resolution of his dispute through diplomatic means, using the Mayor and Depute' of his town. (Compl., ¶¶ 14,15.) During these efforts, the Plaintiff obtained a copy of a correspondence from the French Minister to the Depute', which included the Defendants' response to the Minister's inquiry into the Plaintiff's severance pay dispute. (Compl., ¶ 17, 18.)

The Plaintiff makes one claim. His claim is that the correspondence from the Defendants to the French Minister

purposefully and recklessly disregarded the truth by asserting that he, in fact, received his severance pay, thus portraying him as a liar and causing him to lose the support of the French Minister, Mayor and Depute'. (Compl., ¶¶ 19,21.)

The Defendants move to dismiss for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def's Mem. at 1) As explained more fully below, the Court grants the Defendants' Motion to Dismiss.

## II. ANALYSIS

On a motion to dismiss, the Court takes the material factual allegations of the complaint as true. ACLU Foundation of Southern California v. Barr, 952 F.2d 457 (D.C. Cir. 1991). The Court grants dismissal if it appears the Plaintiff is unable to prove any set of facts supporting a claim entitling the Plaintiff to relief. Conley v. Gibson, 355 U.S. 41 (1957).

### A. Jurisdiction and Defendants' Immunity

The Defendants argue that they are immune from suit under The International Organizations Immunities Act of 1945 ("IOIA")[1] and their own Articles of Agreement. See Articles of Agreement of the

---

[1] The IOIA requires an express waiver of immunity, and the absence of such a waiver in this case is not in dispute.

3

International Bank for Reconstruction and Development, Dec. 27, 1945, T.I.A.S. No. 1502, as amended 16 U.S.T. 1942, T.I.A.S. No. 5929; 22 U.S.C. § 284(g). Such immunity, however, has not been found to be absolute, and must be read narrowly in accordance with national and international law. Mendaro v. The World Bank, 717 F.2d 610 (D.C. Cir. 1983). When a suit is brought by a party, to whom the Defendants " . . . would have to subject itself to . . . in order to achieve its chartered objectives", the immunity is waived. Atkinson v. Inter-American Dev. Bank, 156 F.3d 1335 (D.C. Cir. 1998).

The Plaintiff argues that immunity has been waived because those borrowing from the Defendants would not have the ability to hire employees, such as the Plaintiff, if those employees knew they could be defamed without recourse. This argument is tenuous, at best.

It is settled law that the Defendants' immunity protects them from tort claims brought by their own employees. See Mendaro v. The World Bank, 717 F.2d 610 (D.C. Cir. 1983); Morgan v. International Bank for Reconstruction & Dev., 752 F. Supp. 492 (D.D.C. 1990). In such cases, the courts have concluded that the claims are not the type from which the Defendants would need to waive immunity in order to achieve their objectives. See Atkinson

4

v. Inter-American Dev. Bank, 156 F.3d 1335 (D.C. Cir. 1998). Here, it appears to the Court that the relationship between the employee of a borrower and the Defendants is even more attenuated than the relationship between the Defendants and their own employees.

The Plaintiff relies heavily on the decision in Lutcher S.A. Celulose e Papel and F. Lutcher Brown v. Inter-American Development Bank, 382 F.2d 454 (U.S. App. 1967), to argue that immunity in this case has been waived. The facts in this case, however, are substantially different from those in Lutcher. In Lutcher, the claim was brought by a borrower of the Defendants, not an employee of a borrower. Id.

The goal of the immunity doctrine is to enable the Defendants to fulfill their functions[2], and it is unlikely that immunity would be waived absent the Defendants' receiving a benefit. Mendaro v. The World Bank, 717 F.2d 610 (D.C. Cir. 1983). The Defendants receive no conceivable benefit by waiving their immunity to a defamation suit brought by the employee of a borrower. Instead,

---

[2] "[t]he purposes of the Bank shall be to contribute to the acceleration of the process of the economic development of the member countries . . ." Article I, § 1, 10 U.S.T. at 3072. Other functions include: encouraging private investment; assisting member countries in efficient use of their resources, and providing technical assistance for the implementation of development plans and projects. Id.

they subject themselves to potential litigation that would, in fact, frustrate the goal of the immunity.

## B. Defamation Claim

Insofar as the Court finds that the Defendants' immunity has not been waived in this case, it is not necessary to address the alleged defamation. Nonetheless, the Court deems it prudent briefly to address this argument.

After his case was dismissed in the French courts, the Plaintiff pursued a resolution of his severance pay dispute through diplomatic means. In a memorandum dated December 26, 1996, the Defendants replied to an inquiry from one of the Plaintiff's diplomatic representatives concerning the severance dispute. (Pltf.'s Answer Ex. 2.) In his Complaint, the Plaintiff cites the following text as being defamatory: "[t]he promise given at the time by the World Bank to ONATRA was in regard to the payment of Mr. Dujardin's severance pay as provided in his contract with ONATRA. This promise has been fulfilled." (Compl., ¶ 18.) The Plaintiff asserts that the Defendants' response essentially portrayed him as a liar because he had not received any of his severance payments, and had indicated such to those who were assisting him in resolving his dispute.

The Court must determine if the statements made by the Defendants in the December 26, 1996, memorandum are capable of taking on a defamatory meaning. Tavoulareas v. Piro, 817 F.2d 762 (D.C. Cir. 1987). An alleged defamatory statement must make the Plaintiff appear "odious, infamous, or ridiculous". Johnson v. Johnson Publishing Co., 271 A.2d 696 (D.C. 1970). In making this determination, all reasonable inferences must be given to the Plaintiff with regard to the alleged defamatory statement. Harris v. Ladner, 127 F.3d 1121 (D.C. Cir. 1997). Doing so, it appears that the statements made by the Defendants could be viewed as defamatory. When the Plaintiff requested the assistance of the Mayor and Depute' in resolving his severance dispute, he assured them that he had, in fact, not received any of the severance payments. The inference from the memorandum sent to the Mayor and Depute' is that the Plaintiff had already been paid. The Court finds that such an inference might, in fact, make the Plaintiff appear "ridiculous." Whether or not the alleged defamatory statements were actually attributed such a meaning by the officials is a question for a jury to decide. Tavoulareas v. Piro, 817 F.2d 762 (D.C. Cir. 1987). Unfortunately for the Plaintiff, the Court's conclusions on the immunity issue preclude this from occurring.

## III. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), is granted with prejudice. An appropriate Order accompanies this Memorandum.

```
                    _____
                         JUNE L. GREEN
                    United States District Court Judge
```

Dated: July 26, 2000